UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 13 C 5585 |
| | ) | |
| JOSE ARRIAGA-CABRERA | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Petitioner Jose Arriaga-Cabrera ("Arriaga-Cabrera") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the reasons set forth below, the petition is dismissed as untimely, and the issuance of a certificate of appealability is denied.

## BACKGROUND

On September 22, 2011, a grand jury indicted Arriaga-Cabrera on one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2) and 6 U.S.C. § 202(4). On December 20, 2011, Arriaga-Cabrera pleaded guilty pursuant to a written plea agreement. This Court sentenced Arriaga-Cabrera to forty-six months of imprisonment on March 21, 2012. The judgment was entered onto the docket on March 22, 2012. Arriaga-Cabrera failed to file a notice of appeal within fourteen days of the entry of the judgment. See Fed. R. App. P. 4(b)(1)(A)(i). On August 1, 2013,

Arriaga-Cabrera moved to vacate, set aside, or correct his sentence pursuant to Section 2255.[1]

## LEGAL STANDARD

Section 2255 permits the sentencing court to vacate, set aside, or correct a sentence after direct review on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). A prisoner seeking relief under Section 2255 must file his petition within one year after the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). This limitations period is not jurisdictional but rather a procedural period of limitations subject to equitable tolling, a remedy which "is granted sparingly." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). "Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *Id.* at 1010. In addition, the petitioner must demonstrate that he has diligently pursued his claim in spite of these extraordinary circumstances, for which he must not be at fault. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Courts should construe pleadings filed by pro se prisoners liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

---

[1] Though the petition's filing date is listed as August 5, 2013, Arriaga-Cabrera signed it on August 1, 2013, and the Court shall utilize this date in determining the timeliness of Arriaga-Cabrera's petition. *Cf. Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's notice of appeal is deemed to have been filed when provided to prison officials for mailing); *see also Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (holding that the "mailbox rule" articulated in *Houston* applies to pro se habeas petitioners).

## DISCUSSION

I.  Date of Finality of Judgment

Though Arriaga-Cabrera's petition was obviously filed more than a year after the judgment had become final, the Court shall, in the interest of thoroughness, determine the date upon which the judgment became final. In *Clay v. United States*, 537 U.S. 522, 527 (2003), the Supreme Court held that a judgment under Section 2255 becomes final in the case of a defendant who does not seek a writ of certiorari on the date upon which the time to do so expires. Neither the Supreme Court nor the Seventh Circuit has decided when a judgment becomes final under Section 2255 in the case of a defendant who fails to file a notice of appeal.

This Court has previously held that, where a petitioner has failed to file a notice of appeal, a judgment becomes final on the date upon which the time to file the notice of appeal has expired. *See United States v. Vega*, No. 07 C 602, 2007 U.S. Dist. LEXIS 42378, at *10-11 (N.D. Ill. June 12, 2007). Most circuits have concurred with this Court's holding. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008); *Murphy v. United States*, 634 F.3d 1303, 1308 (11th Cir. 2011); *United States v.* McGaughy, 670 F.3d 1149, 1152 n. 2 (10th Cir. 2012); *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). *Contra United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a judgment

becomes final on the date upon which it is entered). District courts within the Fourth Circuit have continued to apply *Sanders* even after *Clay*, and the Fourth Circuit has not revisited the issue. In light of the profound weight of contrary authority, however, including unanimity among the circuits which have decided the issue after *Clay*, this Court reaffirms its holding in *Vega.* Hence, Arriaga-Cabrera's judgment became final on April 5, 2012, the date upon which his time to file a notice of appeal expired. Since he filed his petition after April 5, 2013, it is untimely.

II. Equitable Tolling

Though Section 2255(f) does contain three other starting dates upon which the one year statute of limitations is triggered, Arriaga-Cabrera does not seek relief under any of these alternative provisions. Rather, he avers that this Court should apply the doctrine of equitable tolling because he was not transferred to a Bureau of Prisons ("BOP") facility until November 21, 2012. This argument is unavailing, however, for Arriaga-Cabrera has not demonstrated a nexus between his not having been in a BOP facility and his inability to file his Section 2255 petition in a timely fashion. Put another way, Arriaga-Cabrera's not having been in a BOP facility does not constitute extraordinary circumstances. Furthermore, Arriaga-Cabrera has not shown how he diligently pursued his claim in spite of this impediment. He thus has satisfied neither criterion necessary to trigger equitable tolling. Having adjudicated Arriaga-Cabrera's petition on this threshold issue, the Court need not address the petition on its merits.

III. Certificate of Appealability

The Court now must determine whether to issue a certificate of appealability, as it has ruled adversely to Arriaga-Cabrera. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A defendant must: (i) request a certificate of appealability; and (ii) make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (prisoner not entitled to a certificate of appealability as of right). This standard is satisfied if a prisoner can demonstrate that reasonable jurists would find the district court's assessment of the prisoner's constitutional claims to be debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Id.* at 336. Arriaga-Cabrera has not shown the denial of a constitutional right, and the Court thus denies the issuance of a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Arriaga-Cabrera's petition is dismissed as untimely, and the Court denies the issuance of a certificate of appealability.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated: January 10, 2014